UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12275-RWZ

SCOTT MORSE

v.

RESIDENTIAL CREDIT SOLUTIONS, INC., *et al.*

ORDER

February 13, 2012

ZOBEL, D.J.

Plaintiff filed a one-count complaint to quiet title under Mass. Gen. Laws ch. 240, § 6 in the Massachusetts Land Court in December 2011, shortly before a scheduled foreclosure of the property. Defendants removed the action alleging jurisdiction under 28 U.S.C. § 1332 since the parties are citizens of different states and the matter in controversy, the unpaid balance of the mortgage, exceeds $75,000. Plaintiff challenges the jurisdictional amount and moves to remand.

"The value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). In the context of this litigation the question is whether plaintiff's challenge to the validity of the mortgage and the assignment has pecuniary consequences in excess of $75,000.

Plaintiff's complaint to quiet title seeks equitable relief in the form of a judgment

declaring the original mortgage unenforceable and expunging the assignment by Mortgage Electronic Registration System, Inc., to Residential Credit Solutions, Inc., from the Barnstable Registry of Deeds. In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. <u>Bedard v. Mortgage Electronic Registration Systems, Inc.</u>, No. 11–cv–117–JL, 2011 WL 1792738, at * 2-3 (D. N. H. May 11, 2011) (collecting cases). Documents attached to the complaint place the amount owed under the loan at approximately $226,660.65 after certain interest, taxes and fees. This is some indication of the value of the property. Plaintiff's bankruptcy schedules, a public record, declare the value of the mortgaged property as $355,500, which plaintiff affirmed under the penalty of perjury in February 2011. Therefore, the pecuniary consequence to both parties far exceeds $75,000.

    Plaintiff's motion to remand (Docket # 4) is DENIED.


|  |  |
|---|---|
|    February 13, 2012    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |